UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-220748-DPG

SUZON LUCORE,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINE,

    Defendant,
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, Suzon Lucore ("Ms. Lucore"), by and through undersigned counsel hereby responds to Defendant, NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line's ("Norwegian") Motion to Dismiss [ECF No. 8] and, in support thereof states as follows:

**INTRODUCTION**

This action arises out of the injuries that Plaintiff sustained during a Norwegian cruise. The Plaintiff alleges that on May 3, 2022 she was injured in her "disabled accessible stateroom" when the Plaintiff manually opened the automatic door of her cabin on board the *MS Norwegian Breakaway.* ¶ 9-11. The Complaint alleges that "the automatic door did not stop when it came into contact with her right foot and slid over her right toe ripping the nail of her right toe off the nailbed."¶ 11.

Norwegian argues that the Plaintiff's Complaint should be dismissed on two grounds. Firstly, Defendant argues that the Complaint fails to state a claim for negligence because it fails to

1

allege any facts to show that Norwegian was on notice of the alleged danger. Defendant also argues that the Complaint is a shotgun pleading because the Plaintiff allegedly "does not isolate a single breach or causal connection between the (conclusory) failures complained of and her alleged injury." [ECF No. 8 pg. 6]

## MEMORANDUM OF LAW

### A.  Standards Regarding Motions to Dismiss for Failure to State a claim.

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claims" that "will give the Defendant fair notice of what the Plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations....the [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). "Specific facts are not necessary in a Complaint; instead, the statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Epos Tech.,* 636 F.Supp.2d 57, 63 (D.D.C. 2009)(*quoting Twombly,* 550 U.S. 544, 555 (2007)).[1] Thus the Federal Rules of Civil Procedure embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. In addition, a complaint must be liberally construed, assuming the facts alleged

---

[1] Additionally, courts have found that if the information sought by the motion is obtainable through discovery, a Rule 12 motion should be denied. *See e.g., Towers Tenant Ass'n v. Towers Ltd, P'ship,* 563 F.Supp. 566, 569 (D.D.C. 1983)(denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

2

therein as true and drawing all reasonable inferences from those facts in the Plaintiff's favor. *See Twombly,* 550 U.S. @ 555.

A complaint should not be dismissed simply because the court is doubtful that the Plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss even if it is "improbable" that a Plaintiff would be able to prove the facts alleged, and "even if it appears that a recovery is very remote and unlikely." *Id.* @ 556. "A court reviewing such a motion [to dismiss] should bear in mind it is testing the sufficiency of the complaint **and not the merits** of the case."[2]

> **B.     The Plaintiff's Complaint meets all the pleading requirements to allege actual or constructive notice on the part of the Defendant even although it is not necessary for the Plaintiff to prove actual or constructive knowledge because this is a case where the doctrine of *res ipsa loquitor* would apply.**

It is undisputed that general maritime law applies in this case. [ECF No. 1 ¶ 5] In order to prevail on a maritime negligence claim, a plaintiff must show that: (1) the Defendant owed the Plaintiff a duty; (2) the Defendant breached that duty; (3) the breach was the proximate cause of the Plaintiff's injury; and (4) the Plaintiff suffered damages. *See Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1336 (11th Cir. 2012)(internal citation omitted); *see also Hasenfus v. Secord,* 962 F.2d 1556, 1559-60 (11th Cir. 1992).

It is well established that under federal maritime law, a cruise ship owes its passengers a duty of reasonable care under the circumstances. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318,

---

[2] *Lowman v. Platinum Prop. Mgmt. Servs., Inc.,* 166 F.Supp. 3d 1356, 1360 (N.D. Ca. 2016)(emphasis added); *see Twombly,* 550 U.S. @ 556; *Wein v. Am. Huts, Inc.,* 313 F.Supp.2d 1356, 1359 (S.D. Fla. 2004).

3

1322 (11th Cir. 1989); *see also Kemarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632 (1959).  This standard requires that the cruise line have "actual or constructive notice of the risk-creating condition" at issue, at least where "the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe supra* @ 1322.  An exception is where the condition was "an open and obvious danger.  The duty to warn in the maritime context extends to only known dangers which are not apparent and obvious." *Smith v. Royal Caribbena Cruises Ltd.,* No. 15-10658 (11th Cir. 2015).  However, even if a Defendant does not have constructive notice of a dangerous condition, "it still may be held liable for the Plaintiff's injuries for allegedly having created the unsafe or forseeably hazardous condition." *Caldwell v. Carnival Corp.,* 944 F. Supp. 2d 1219, 1224 (S.D. Fla. 2013).

Furthermore, courts in this district have held that a plaintiff in a maritime action based on negligence is not required to prove that the shipowner had notice of the defective condition when the doctrine of *res ipsa loquitur* applies. See, e.g., *Millan v. Celebration Cruise Operator, Inc.,* 212 F.Supp.3d 1301, 1306 (S.D. Fla. 2015) (concluding that "a plaintiff is not required to show the defendant's actual or constructive notice of the defective condition in order to raise a *res ipsa loquitur* inference of negligence under maritime law").

Consistent with *Kermarec,* the Plaintiff's Complaint properly alleges that "the Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers". ¶15 The Defendant's Motion ignores the fact that the Complaint sets out specific examples of what the duty entails, stating:

> 16.   Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers including Plaintiff, will likely

   encounter.

17.  Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

18.  Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

Paragraph 19 then goes on to allege the specific ways in which Norwegian breached the duty of reasonable care owed to the Plaintiff as follows:

19.  At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a.  Failing to inspect and maintain the automatic door which caused the Plaintiff's injury, and the adjacent areas, in a reasonably safe condition, so as to prevent hazards to its passengers; and/or

    b.  Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the automatic door; and/or

    c.  Negligently designing and/or installing the automatic door which injured the Plaintiff, and the adjacent areas, on Defendant's vessel, which were inherently and unreasonably dangerous, and/or

    d.  Failing to warn Plaintiff of the risk-creating conditions of the automatic door which injured the Plaintiff, and the adjacent areas; and/or

    e.  Failing to warn of known dangerous design and/or other defects of the automatic door, which injured the Plaintiff, and the adjacent areas; and/or

    f.  Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

      g.      Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence *per se* and/or evidence of negligence; and/or

      h.      Through other acts or omissions constituting a breach of duty to use reasonable care which will be revealed through discovery.

Paragraph 20 alleges that Defendant's breaches of duty were the proximate cause of the Plaintiff's injury. Paragraph 21 makes specific allegations regarding the actual and/or constructive knowledge of the Defendant as follows:

21.    Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

Finally paragraph 22 alleges that the Plaintiff incurred damages as a result of the Defendant's breaches of duty.

At this stage of the proceeding before discovery has begun these allegations are sufficient to meet the pleading requirements to allege that a Defendant had or should have known of the dangerous condition which caused the automatic door in the Plaintiff's cabin to malfunction. As Judge Goodman noted in *Ash v. Royal Caribbean Cruises Ltd.,* No. 13-20619-CIV-Goodman(S.D. Fla. November 25, 2014):

> "As a practical matter, a personal injury Plaintiff is often unaware of any specific facts demonstrating that the Defendant knew or should have known of a dangerous condition at the time the lawsuit is filed, before taking discovery. Plaintiffs sometimes obtain evidence of the Defendant's knowledge during discovery, such as by obtaining evidence that the Defendant was aware of prior injuries occurring under similar circumstances."

Moreover the facts of this case may not even require the Plaintiff to produce evidence to

6

show that the Defendant had either actual or constructive notice of the defect in the door because in cases involving injuries caused by automatic doors the doctrine of *res ipsa loquitor* would apply.

*Res ipsa loquitur* is a rule of circumstantial evidence generally used to supply a deficiency of proof as to negligence. *Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734 (5th Cir. 1980). It operates to permit an inference of negligence when the evidence does not directly establish how the injury occurred. *Id.* State law governs the application of the doctrine of *res ipsa loquitur*, but federal courts apply federal law to test the sufficiency of the evidence. *Hancock v. Wal–Mart Stores E., L.P.*, 487 Fed.Appx. 545, 546 (11th Cir. 2012). In Florida, the plaintiff must establish three elements to apply the doctrine of res ipsa loquitur: (1) direct proof of negligence is wanting; (2) the instrumentality that caused the injury was under the exclusive control of the defendant; and, (3) the injury would not, in the ordinary course of events, have occurred, without negligence on the part of the defendant. Id. (citing *McDougald v. Perry*, 716 So.2d 783, 785 (Fla. 1998) ).

Courts in many jurisdictions have concluded that, because automatic doors generally do not malfunction in the absence of negligence, and because this fact is within the layperson's common knowledge, an automatic door malfunction gives rise to an inference of negligence under the doctrine of *res ipsa loquitor.  See eg. Stone v. Courtyard Mgmt. Corp*, 353 F.3d 155, 157, 160-66 (2d. Cir. 2003)(holding that under New York law *res ipsa loquitor* was applicable where an automatic door in a hotel closed on a guest)*; Balistreri v. Richard E. Jacobs Group, Inc.*, 322 F. Supp. 2d. 972, 978 (E.D. Wis. 2004)(holding that under Wisconsin law *res ipsa loquitor* applied where automatic sliding doors closed on a person); *Tarara v. Dayton Hudson Corp.*, 36 Mass.App.Ct. 942, 629 N.E.2d 1352 (1994) (holding that doctrine was applicable under Massachusetts law where a customer was injured by a grocery store's automatic door); *Trefney v.*

7

*Nat'l Super Markets, Inc.,* 803 S.W.2d 119 (Mo.App.1990) (holding that under Missouri law doctrine applied where customer was injured by store's automatic door); *Landmark Hotel & Casino, Inc. v. Moore,* 104 Nev. 297, 757 P.2d 361 (1988) (holding that under Nevada law, res ipsa applied where a person was injured by a hotel's automatic sliding doors); *Rose v. Port of N.Y. Auth.*, 61 N.J. 129, 293 A.2d 371 (N.J.1972) (holding that res ipsa was applicable under New Jersey law where a person was injured by an automatic door in an airport); *McDonald v. Aliquippa Hosp.*, 414 Pa.Super. 317, 606 A.2d 1218 (1992) (holding that under Pennsylvania law, the doctrine was applicable where a patient was injured by a hospital's automatic doors). *Brewster v. United States*, 542 N.W.2d 524, 531-32 (Iowa 1996)("reasonable people could conclude that it is more likely than not that there is negligence associated with the automatic door's malfunction."); *Brown v. Scrivner, Inc.*, 488 N.W. 2d 17, 19 (Neb. 1992)(doctrine of *res ipsa loquitor* applies to injury caused by automatic door).

In the case of *Gordon v. DH Pace Company Inc., et al.,* 19-0031 (D.N.M. January 22, 2020) the federal district court ruled that the Supreme Court of New Mexico would probably find that the doctrine of *res ipsa loquitor* would apply to a case involving an injury caused by a malfuctioning automatic door.  The court then went on to note expert testimony would probably not even be required on the issue of causation because expert testimony is not required where a matter is of common knowledge.

In the case of *Owens v. NCL(Bahamas)Ltd.,* 15-cv-23319-UU, Plaintiff was injured when she was exercising in the cruise ship's fitness center.  The machine failed and injured the middle finger of her right hand.  The Plaintiff alleged that Norwegian was liable because the Defendant failed to maintain the machine in a reasonably safe condition and failed to warn the Plaintiff of the hazard.  Norwegian moved to dismiss claiming that the Plaintiff had failed to adequately allege that

the Defendant was on notice of the alleged danger.  The court noted that "although there are no facts alleged regarding why Defendant would have known about the dangerous exercise equipment" the Defendant could be held liable for allegedly having created the unsafe or forseeably hazardous condition and so as a result the Plaintiff adequately stated a claim for negligence even if the Defendant did not have constructive notice.

Similarly here, even assuming the Defendant is right and the Plaintiff could not show constructive notice, the Plaintiff has adequately plead negligence because he could proof negligence using the doctrine of *res ipsa loquitor*.  *Res ipsa loquitor* is not a separate cause of action or a pleading requirement but simply an evidentiary presumption which the court can instruct the jury on.

With the exception of *Gayou v. Celebrity Cruises, Inc.,* No. 11-23359-CIV-SCOLA (S.D. Fla. June 5, 2012) and *Harding v. NCL (Bahamas) Ltd.,* 90 F. Supp.3d 1305 (S.D. Fla. 2015) both of which are distinguishable, none of the cases cited by Defendant deal with the standards of pleading.  *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1320 (11th Cir. 1989) deals with an appeal from a verdict in a bench trial; *Smith supra* deals with Plaintiff's appeal from the grant of summary judgment to defendant and *Thomas v. NCL (Bahamas)Ltd.,* 203 F. Supp. 3d 1189 (S.D. Fla. 2016) deals with a ruling on a motion for summary judgment.  Therefore none of these three cases are relevant to the pleading sufficiency issue at hand.

Moreover as stated *Gayou* and *Harding* are distinguishable.  *Gayou* dealt with a situation where the Plaintiff was injured by a third party contractor operating a cruise excursion and where the Plaintiff was trying to show that the cruise line had a responsibility to warn about the dangers of a zip lining excursion organized by a third party.  *Harding* was a slip and fall case where Judge

Scola found the Complaint to be insufficient because the Plaintiff did not make any factual allegations to show that the Defendant had constructive knowledge of the condition which caused the Plaintiff to slip.  Furthermore in neither case was the doctrine of *res ipsa loquitor* in play. Furthermore *Gayou* and *Harding* are not binding on this court. In *Ash* supra Judge Goodman declined to follow *Gayou* noting that it is not binding and pointing out as stated previously that discovery could lead to showing that the Defendant knew or should have known of the dangers and if no such discovery was forthcoming then the Defendant could move for summary judgment.  Also as noted previously in *Ash supra* Judge Ungaro found that a complaint stated a claim for negligence even where the Defendant did not have constructive notice of the dangerous condition because the defendant could plausibly show negligence on a theory of having created a safe or forseeably hazardous condition.  Here too, the Plaintiff can plausibly show negligence using the doctrine of *res ipsa loquitor* without any need of showing actual or constructive knowledge of a dangerous condition.

   **C.**  **Plaintiff's Complaint is not a shotgun pleading.**

Defendant claims that Plaintiff's Complaint is a shotgun pleading and should be dismissed because it "fits the description of two types of shotgun complaints, the Eleventh Circuit warned of in *Weiland."*  The Defendant then fails to identify which two of the four types of shotgun pleadings identified in *Weiland  v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015) the Plaintiff's Complaint transgresses.

Complaints that violate Fed.R.Civ.P. 8(a) or 10(b) are often referred to as "shotgun" pleadings. *Weiland supra*; *Lampkin-Asam v. Volusia Cty. Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008).  A "shotgun" pleading is a pleading in which "it is virtually impossible to know which

allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.,* 77 F. 3d 364, 366 (11th Cir. 1996). A "shotgun" pleading is one which is "calculated to confuse". *T.D.S Inc. v. Shelby Mut. Ins. Co.,* 760 F. 2d 1520 n. 14 (11th Cir. 1985), as it forces the District Court and the opposing parties to sift through the facts presented to determine which are material to the particular claims asserted. *See Anderson,* 77 F. 3d at 366-67.

The Eleventh Circuit has outlined four main categories of "shotgun" pleadings, the "unifying characteristic" of which is that "they fail in one degree or another...to give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d @ 1323. To quote directly:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

By a process of elimination, type # 1 cannot apply because the Plaintiff's Complaint has only got one count. Type # 4 cannot apply because there is only one Defendant. So ergo, Defendant must be referring to type # 2 and type # 3. The Plaintiff's Complaint does not fall into type # 2 because none of the facts contained in the Complaint are "conclusory, vague or immaterial" and "not obviously connected to any particular cause of action or claim for relief". Since Defendant does

11

bother to elaborate on how specific allegations in specific numbered paragraphs of Plaintiff's Complaint bring it within a type # 2 shotgun pleading it is impossible to respond. Similarly since there is no specific explanation of which different causes of action are allegedly contained in the Plaintiff's one count complaint it is impossible to respond. There is one cause of action here - negligence under federal maritime law based on one set of facts and one incident.

At the Motion to Dismiss stage of proceedings, the Plaintiff is only required to state a claim that is plausible on its face and she has done that consequently Plaintiff respectfully requests this court to deny the Defendant's Motion to Dismiss.

Respectfully Submitted,

*/s/ Anthony V. Falzon*
Anthony V. Falzon, Esquire
ANTHONY V. FALZON
Florida Bar No. 69167
Primary Email: tony@anthonyfalzon-law.com
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Telephone: (786) 703 4181
Facsimilie: (786) 703 2961
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 12th day of May, 2023.

*/s/ Anthony V. Falzon*
Anthony V. Falzon, Esquire